Hussein Ali **RESHAMWALLA**; Zaheda Reshamwalla, Plaintiffs—
Appellees,

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant—Appellant.**

No. 02–15379.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 2003.

Decided July 18, 2003.

544

Before: SCHROEDER, Chief Judge, D.W. NELSON, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

State Farm Fire & Casualty Co. ("State Farm") appeals the district court's grant of summary judgment in favor of plaintiffs-appellees, Hussein and Zaheda Reshamwalla, in their action for breach of California's duty to defend and breach of the covenant of good faith and fair dealing. We affirm in part, reverse in part, and remand.

A. *State Farm Owed Darrel Abruzzo a Duty to Defend.*

A duty to defend is triggered if the Reshamwallas' complaint contained any claims that were *"potentially* covered under the policy," *Montrose Chem. Corp. v. Superior Court,* 6 Cal.4th 287, 24 Cal. Rptr.2d 467, 861 P.2d 1153, 1160 (Cal.1993) (emphasis in original), or "if the complaint might be amended to give rise to a liability that would be covered under the policy." *Id.* Here, there was insufficient evidence to demonstrate *conclusively* that the Reshamwallas' allegations could "by no conceivable theory raise a single issue which could bring it within [State Farm's] policy coverage." *Anthem Electronics Inc. v. Pac. Employers Ins. Co.,* 302 F.3d 1049, 1056 (9th Cir.2002) (quoting *Montrose,* 24 Cal. Rptr.2d 467, 861 P.2d at 1160). Given the

evidence before us, we conclude that it is possible that Mr. Abruzzo struck Mr. Reshamwalla's vehicle accidentally and, therefore, State Farm owed Darrel Abruzzo a duty to defend.

B. *There is a Genuine Issue of Material Fact as to Whether State Farm's Breach was Tortious.*

State Farm's breach of its duty to defend was tortious if any of its actions, including its refusal to settle the Reshamwallas' claims, breached California's implied covenant of good faith and fair dealing. *See Amato v. Mercury Cas. Co.,* 53 Cal.App.4th 825, 61 Cal.Rptr.2d 909, 912 (1997). If State Farm's breach was *tortious,* Plaintiffs are entitled to tort damages. *See id.* "Tort damages are 'the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not.'" *Id.* at 913 (quoting Cal. Civ.Code § 3333). Otherwise, Plaintiffs are only entitled to contract damages for breach of State Farm's contractual duty to defend. *See id.* at 912.

1. *Duty to Settle*

California's "implied covenant good faith and fair dealing imposes a duty on the insurer to settle a claim against its insured within policy limits whenever there is a substantial likelihood of a recovery in excess of those limits." *Johansen v. Cal. State Auto. Ass'n Inter–Ins. Bureau,* 15 Cal.3d 9, 123 Cal.Rptr. 288, 538 P.2d 744, 747 (Cal.1975); *Crisci v. Sec. Ins. Co. of New Haven, Conn.,* 66 Cal.2d 425, 58 Cal. Rptr. 13, 426 P.2d 173, 176 (Cal.1967) (holding that "liability based [on] an implied covenant exists whenever the insurer refuses to settle in an appropriate case"). The California Supreme Court explained that in assessing whether to settle a claim

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the only permissible consideration in evaluating the reasonableness of the settlement offer becomes whether, in light of the victim's injuries and the probable liability of the insured, ... ultimate judgment is likely to exceed the amount of the settlement offer. Such factors as the limits imposed by the policy, a desire to reduce the amount of future settlements, or a belief that the policy does not provide coverage, should not affect a decision as to whether the settlement offer in question is a reasonable one. *Johansen,* 123 Cal.Rptr. 288, 538 P.2d at 748–49. In order to be liable for failure to settle a claim under California's implied covenant of good faith and fair dealing, however, the claims must have been actually covered under the Policy. *See id.* at 748. If the claims were not actually covered, State Farm's failure to settle does not amount to a tortious breach of its duty to defend. *See id.*

■ Here, we agree that State Farm improperly took into account issues of coverage in rejecting the Reshamwallas' reasonable settlement offer. *See Camelot By the Bay Condo. Owners' Ass'n, Inc. v. Scottsdale Ins. Co.,* 27 Cal.App.4th 33, 32 Cal.Rptr.2d 354, 362 (1994). What is less clear, however, is whether the Reshamwallas' claims were actually covered under State Farm's Policy. A material and genuine dispute of fact exists between the Parties as to whether actual coverage existed. A reasonable jury could return a verdict in either party's favor as to whether Mr. Reshamwalla's injuries were caused by an accident. Accordingly, the district court's grant of summary judgment as to this issue is reversed.

2. *Other Grounds for Demonstrating Breach of the Covenant of Good Faith and Fair Dealing*

An insurer also violates California's covenant of good faith and fair dealing, *inter alia,* by: (1) denying coverage in bad faith, *see Gruenberg v. Aetna Ins. Co.,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032, 1037 (Cal.1973); (2) denying coverage unreasonably, *Amato,* 61 Cal.Rptr.2d at 912; or (3) failing to investigate properly a claim, *Egan v. Mut. of Omaha Ins. Co.,* 24 Cal.3d 809, 169 Cal.Rptr. 691, 620 P.2d 141, 145 (Cal.1979) ("[A]n insurer may breach the covenant of good faith and fair dealing when it fails to properly investigate its insured's claim.").

■ Again, there is sufficient evidence in the record to demonstrate a triable issue of material fact as to whether State Farm breached the covenant of good faith and fair dealing by denying coverage in bad faith, unreasonably, or without sufficient investigation. Hence, summary judgment pursuant to Federal Rule of Civil Procedure 56(c) was not appropriate in this circumstance. If Plaintiffs can demonstrate at trial that the implied covenant was breached by State Farm in failing to provide Abruzzo with a defense, Plaintiffs are entitled to receive tort damages.

C. *Judicial Estoppel is inapplicable.*

State Farm's claim that Plaintiffs should be estopped from arguing that the incident arose from an accident is without merit. "Judicial estoppel applies when a party's position is tantamount to a knowing misrepresentation or even fraud on the court." *Johnson v. State of Oregon,* 141 F.3d 1361, 1369 (9th Cir.1998) (internal quotation marks omitted). "If incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial estoppel does not apply." *Id.* Here, there is insufficient evidence to demonstrate that Plaintiff's change in position constitutes an act of fraud or chicanery on the court, rather than inadvertence or mistake.

### D. *Conclusion*

The district court's grant of partial summary judgment that State Farm owed Mr. Abruzzo a duty to defend is AFFIRMED. The district court's grant of partial summary judgment as to Plaintiffs' claim that State Farm wrongfully considered issues of coverage in rejecting the Reshamwallas' settlement offer is also AFFIRMED. Because a genuine dispute of fact exists as to whether the Reshamwallas' claims were actually covered under the relevant policy, however, the district court's grant of summary judgment as to Plaintiffs' claim that State Farm breached the covenant of good faith and fair dealing is REVERSED.

This case is remanded to the district court for further proceedings consistent with this Memorandum, including trial as to the issue of whether State Farm's breach of its duty to defend Darrel Abruzzo amounts to a violation of California's implied covenant of good faith and fair dealing.

Each party shall bear its own costs.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.